TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.

---

HALLIE ELLIS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed August 1, 1923.

Where, upon an examination of the whole of the record on a conviction of manslaughter, the principal defense being self-defense, it appears that there was an erroneous charge given on the law of self-defense, and other errors of procedure, which taken together cannot be said not to have resulted in

injury to the defendant, though as to the erroneous charge there was no proper exception, and judgments of conviction of co-defendants, one of whom fired the fatal shot, having been reversed, a new trial should be awarded where substantial justice seems to demand it.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Reversed.

*E. L. Bryan,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *M. C. McIntosh,* Assistant, for the State.

WEST, J.—Plaintiff in error, Hallie Ellis, was jointly indicted with Herman Young, Granville Ellis and William H. Young, on a charge of murder in the first degree. There was a severance and on a trial of plaintiff in error a verdict was returned finding him guilty of manslaughter. Upon this verdict he was adjudged guilty and sentenced to a term of two years at hard labor in the State prison. Writ of error was taken from this Court.

It appears from the evidence that the fatal shot was fired by Herman Young, a co-defendant. The judgment finding him guilty of manslaughter was reversed by this Court and a new trial awarded. Young v. State, 85 Fla. 348, 96 South. Rep. 381. A judgment finding Granville Ellis, another co-defendant, guilty of manslaughter was also reversed by this Court and a new trial awarded, the opinion being filed July 13, 1923. The erroneous charge given in the Granville Ellis case was also given in this case, and, while it was not excepted to, except by a general exception to the whole of the Court's general charge, since

the principal defense was self-defense, considering this with assignments of error properly presenting questions of procedure in the trial, not requiring extended discussion, it is the judgment of the Court that upon the whole record substantial justice requires that this defendant also be awarded a new trial.

Judgment reversed.

TAYLOR, C. J., AND WHITFLEID, ELLIS, BROWNE AND TERRELL, J. J., concur.